[Cite as *State v. Sexton*, 2012-Ohio-658.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | Case No. 11-COA-033 |
| DONALD S. SEXTON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Ashland Municipal Court,
                              Case No. 11-CR-B-00339


JUDGMENT:                     AFFIRMED



DATE OF JUDGMENT ENTRY:       February 7, 2012



APPEARANCES:

For Appellant:                        For Appellee:

TIMOTHY E. POTTS                      DAVID M. HUNTER
Good & Potts, LLC                     Acting Assistant Law Director
10 East Main Street                   Ashland City Law Director's Office
Ashland, OH 44805                     1213 East Main Street
                                      Ashland, OH 44805

*Delaney, J.*

{¶1} Defendant-appellant Donald S. Sexton appeals from the July 8, 2011 judgment entry of the Ashland Municipal Court overruling appellant's Motion to Suppress. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} On April 8, 2011, appellant was a passenger in a vehicle which was stopped by Officer Aaron Kline of the Ashland Police Division for a cracked windshield. Upon identifying the individuals inside the vehicle, Kline discovered that a Florida warrant existed for appellant's arrest for narcotics, and requested that a K-9 officer be dispatched to the scene of the traffic stop.

{¶3} A K-9 officer duly arrived and circled the vehicle as appellant and the driver remained inside. In the meantime, Kline told the occupants not to move and to keep their hands visible.

{¶4} Kline noticed appellant's left hand moving slowly, as though he was trying to hide something, and ordered him out of the vehicle. As Kline handcuffed appellant, he asked him what he was reaching for. Appellant advised that he had a baggie of marijuana near his crotch. Kline uncuffed appellant, patted him down, told appellant to retrieve the baggie, and then took possession of the baggie and marijuana.

{¶5} Appellant filed a motion to suppress the evidence from the motor vehicle stop, arguing, in part, that appellant's statement regarding the baggie of marijuana was not voluntary and violated the procedural safeguards of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

{¶6}   The trial court held an evidentiary hearing at which the State presented the testimony of Officer Kline.  On July 8, 2011, the trial court overruled the Motion to Suppress, noting that the patdown of appellant was justified for officer safety, and Kline's inquiry about what appellant was reaching for was a logical extension of the patdown.  The trial court held that the inquiry was justified, appellant's response about the baggie therefore should not be excluded, and appellant had voluntarily turned over the marijuana.

{¶7}   It is from this decision that appellant now appeals.

{¶8}   Appellant raises one Assignment of Error:

{¶9}   "THE ASHLAND MUNICIPAL COURT ERRED BY NOT SUPPRESSING STATEMENTS MADE BY DEFENDANT/APPELLANT WHILE DEFENDANT/APPELLANT WAS IN CUSTODY, PRIOR TO BEING ISSUED *MIRANDA* WARNINGS, IN RESPONSE TO AN EXPANSIVE, OPEN-ENDED QUESTION BY A LAW ENFORCEMENT OFFICER THAT WOULD BE REASONABLY LIKELY TO ELICIT AN INCRIMINATING RESPONSE FROM DEFENDANT/APPELLANT, AS WELL AS EVIDENCE SEIZED AS A RESULT THEREOF, THEREFORE, IN VIOLATION OF DEFENDANT/APPELLANT'S FIFTH AMENDMENT RIGHTS."

{¶10} Appellant asserts that the trial court erred in not suppressing his statement and the resulting evidence of the baggie of marijuana because he was in custody when Kline asked him what he was reaching for, and therefore he should have been afforded *Miranda* protections.  We disagree.

{¶11} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether the findings are against the manifest weight of the evidence. *See, State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d 1141(4th Dist.1991); *State v. Guysinger*, 86 Ohio App.3d 592, 621 N.E.2d 726 (4th Dist.1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *See, State v. Williams*, 86 Ohio App.3d 37, 619 N.E.2d 1141(4th Dist.1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law   to be applied, an appellant may argue that trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (8th Dist.1994), *State v. Claytor*, 85 Ohio App.3d 623, 627, 620 N.E.2d 906 (4th Dist.1993), and *Guysinger* at 594.

{¶12} In a motion to suppress, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. *Guysinger* at 594. Accordingly, an appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *Id.*

{¶13} Appellant does not contest the trial court's findings of fact but asserts that the court below erred in applying the public safety exception to *Miranda* to the facts of this case.

{¶14} A defendant has a constitutional right against self-incrimination under both the Fifth Amendment to the United State Constitution and Section 10, Article I of the Ohio Constitution. In interpreting this right, it has been held that the state may not use statements stemming from a custodial interrogation of the defendant unless it demonstrates the use of certain procedural safeguards to secure the privilege against self-incrimination. *See Miranda*, 384 U.S. 436. The well-known *Miranda* warnings were thus created. *Id.*

{¶15} The public safety doctrine is an exception to the *Miranda* requirement. The public safety doctrine excuses compliance with *Miranda* where exigent circumstances exist and where there is an immediate need to protect the general public, an individual person, or the officer involved. In these public safety situations, there is an overriding need to save a human life, or to rescue persons whose lives are in danger. *New York v. Quarels*, 467 U.S. 649, 656, 104 S.Ct. 2626, 16 L.Ed.2d 694 (1984) (" The doctrinal underpinnings of *Miranda* do not require that it be applied in all its rigor to a situation in which police officers ask questions reasonably prompted by concern for public safety.")

{¶16} In this case, Officer Kline observed appellant's hand moving after he had advised appellant to keep still and to keep his hands visible. Kline then removed appellant from the vehicle and cuffed him to ensure that he was not reaching for a weapon, simultaneously asking appellant what he was reaching for. Kline's inquiry

was reasonably prompted by his concern for officer safety, to which appellant admitted possessing the baggie of marijuana.  Additionally, the question asked by Officer Kline was not designed solely to elicit testimonial evidence.

{¶17} The trial court did not err in overruling appellant's Motion to Suppress because Kline's inquiry and appellant's resulting admission fall within the public safety exception to *Miranda*.

{¶18} The sole assignment of error is overruled.

{¶19} The judgment of the Ashland Municipal Court is affirmed.

By: Delaney, P.J.

Gwin, J. and

Hoffman, J. concur.


_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN

[Cite as *State v. Sexton*, 2012-Ohio-658.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DONALD S. SEXTON | : | |
| | : | |
| | : | Case No. 11-COA-033 |
| Defendant-Appellant | : | |


For the reasons stated in our accompanying Opinion on file, the judgment of the Ashland Municipal Court is affirmed.  Costs assessed to Appellant.


_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN